UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TYRONE P. ROCKEMORE,

        Plaintiff,

v.

CITY OF CAMDEN,

        Defendant.

No. 1:23-cv-1718-NLH-EAP

**OPINION and ORDER**

---

**APPEARANCES:**

TYRONE ROCKEMORE
2021 SOUTH 9TH STREET
CAMDEN, NJ 08104

    *Appearing pro se*

HILLMAN, District Judge

WHEREAS, Plaintiff, Tyrone Rockemore, appearing *pro se*, filed a complaint against the City of Camden arising out of injuries he sustained from unnamed, third parties who allegedly stabbed him on July 19, 2019; and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal

courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (additional citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary

2

civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, while the Court finds Plaintiff's IFP application sufficient for such status, the Court also finds after its initial screening that Plaintiff's complaint is deficient in the following ways:

1. On the form complaint provided by the Court for *pro se* plaintiffs, Plaintiff has checked the box for federal question jurisdiction, but in order to invoke federal question jurisdiction, Plaintiff must plead a violation of the United States Constitution or the laws of the United States. See U.S. Const, Art III, Section 2 (providing that federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Although Plaintiff alleges the Eighth and Fourteenth Amendments as the underlying basis for federal question jurisdiction, he has not alleged how Defendant violated these constitutional provisions or any federal law; and

2. Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a)(2), which requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint avers that on July 19, 2019, he was stabbed in the chest by two "unknown individuals [who] were seemingly laying in wait for a victim." (ECF 1 at 3). He asserts that the stabbing pierced his heart and required various treatments including emergency trauma treatment and open-heart surgeries. (Id. at 4). He alleges that the City of Camden failed to protect him and that "the municipality lacked enforcement officers." (Id.). Plaintiff does not articulate any basis for why the City of Camden may bear liability for an assault by unknown and presumably private citizens.

WHEREAS, this is Plaintiff's fourth complaint filed with this Court arising from the same alleged facts. Plaintiff's first complaint filed on May 4, 2021 against the City of Camden at 1:21-cv-10713-NLH-KMW was dismissed by this Court on September 28, 2021 for failing to identify the basis for this Court's jurisdiction and failing to state a specific legal basis for his claims. (1:21-cv-10713-NLH-KMW, ECF 4). Plaintiff's second complaint filed on May 12, 2021 against Rite Aid Corp. at 1:21-cv-11118-NLH-SAK was dismissed by this court on June 21, 2021 for failing to adequately state a claim. (1:21-cv-11118-

4

NLH-SAK, ECF 2).  Plaintiff's third complaint filed on May 5, 2022 against the City of Camden at 1:22-cv-01942-NLH-EAP was dismissed by this Court on December 6, 2022 for failing to specify a violation of a constitutional provision or law and failing to identify the location of the incident.  (1:22-cv-01942-NLH-EAP, ECF 5).

    WHEREAS Plaintiff's instant complaint does not include any further specificity or explanation, but instead reiterates the same substance of his prior complaints against the City of Camden; therefore, this Court must dismiss this complaint for again failing to identify a basis for this Court's jurisdiction and failing to state a specific legal basis and sufficient facts to support a plausible claim for relief.

    THEREFORE,

    IT IS on this 17th day of May, 2023

    ORDERED that Plaintiff's IFP application (ECF 1-2) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

    ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above.  If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim.  <u>See</u> Fed. R. Civ. P. 12(b)(1), (b)(6), and (h)(3); and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |