UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE P. ROCKEMORE,<br><br>　　　　Plaintiff,<br>v.<br><br>CITY OF CAMDEN,<br><br>　　　　Defendant. | No. 1:23-cv-1718-NLH-EAP<br><br>**OPINION and ORDER** |

**APPEARANCES:**

TYRONE ROCKEMORE
2021 SOUTH 9TH STREET
CAMDEN, NJ 08104

　　*Appearing pro se*

HILLMAN, District Judge

　　WHEREAS, Plaintiff, Tyrone Rockemore, appearing *pro se*, filed a Complaint against the City of Camden arising out of injuries he sustained from unnamed, third parties who allegedly stabbed him on July 19, 2019 and an application to proceed in forma pauperis ("IFP"); and

　　WHEREAS, on May 18, 2023, having reviewed the allegations in the Complaint as well as Plaintiff's IFP application, this Court granted Plaintiff's IFP application, instructed the Clerk to file Plaintiff's Complaint, and dismissed the Complaint

1

without prejudice, permitting Plaintiff to file an amended complaint; and

WHEREAS, in its May 18, 2023 Opinion and Order this Court dismissed the Complaint for "failing to identify a basis for this Court's jurisdiction and failing to state a specific legal basis and sufficient facts to support a plausible claim for relief" (ECF 6 at 5); and

WHEREAS, on June 6, 2023, Plaintiff requested an extension of time to file his amended complaint (ECF 7), which this Court granted, allowing Plaintiff until August 26, 2023 to file (ECF 8); and

WHEREAS, on June 27, 2023, Plaintiff filed an Amended Complaint (ECF 9); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6)

2

and/or to dismiss any defendant who is immune from suit."); 

WHEREAS, on June 30, 2023, Defendant advised of its intention to file a Motion to Dismiss and requested a pre-motion conference (ECF 10); and

WHEREAS, this Court entered an Order on July 7, 2023 denying Defendant's request for a conference, and staying any responsive pleading from Defendant pending this Court's screening of the Amended Complaint (ECF 11) in light of the Court's statutory obligation to screen the proposed Amended Complaint; and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Plaintiff's Amended Complaint reiterates that he was attacked on July 19, 2019, that "the city police department,

3

the prosecutor[']s office & court system failed to protect [his] person, liberty & property as a citizen, tax payer, elderly & a qualified disabled resident." (ECF 9 at 2-3); and

WHEREAS, Plaintiff alleges that only one of the perpetrators of the attack was apprehended, and this individual "died prior to sentencing" (Id. at 3); and

WHEREAS, Plaintiff "seek[s] both punitive & compensatory damages" (Id.); and

WHEREAS, Plaintiff avers that "this Court has jurisdiction of the subject matter because of the public entities within the city blatantly failed by their insistent non-compliance, neglect & disregard" (Id. at 4);

WHEREAS, Plaintiff references Article III of the Constitution as well as the Eleventh Amendment (Id.); and

WHEREAS, neither Article III nor the Eleventh Amendment of the Constitution provide support for Plaintiff's suit;

WHEREAS, Article III of the Constitution provides federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ." Accordingly, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.";

WHEREAS, Article III does not provide the basis for an

4

independent claim, but rather permits plaintiffs to bring cases that are premised on other portions of the Constitution or federal statutes that do create actionable rights;

WHEREAS, the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."; and

WHEREAS, the Eleventh Amendment does not permit an independent cause of action, but rather is a restriction on the Court's power to hear certain claims against the United States; and

WHEREAS, Plaintiff's Amended Complaint does not refer to any other Constitutional provision or statute;

WHEREAS, this Court noted in its May 18, 2023 Opinion and Order that Plaintiff alleged the Eighth and Fourteenth Amendments as the basis for federal question jurisdiction; however, the original Complaint did not include any allegations setting forth how Defendant violated these constitutional provisions;

WHEREAS, Plaintiff does not provide any further allegations in support of an Eight or Fourteenth Amendment violation in his Amended Complaint;

WHEREAS, accordingly, Plaintiff's Amended Complaint does

5

not establish the Court's subject matter jurisdiction, and because Plaintiff does not point to any particular Constitutional provision or federal law that Defendant violated Plaintiff has also failed to state a claim as required by Fed. R. Civ. P. 8(a)(2); and

    WHEREAS, this Court provided Plaintiff with an opportunity to amend his complaint in order to state a specific legal basis and supplement with additional facts to support a plausible claim for relief; and

    WHEREAS, Plaintiff's Amended Complaint does not point to any legal basis for his claim nor does he provide supplemental facts to support his initial Eighth and Fourteenth Amendment violation allegations, and therefore Plaintiff has not stated a claim upon which relief may be granted; and

    WHEREAS, the Court noting that neither the federal constitution nor any federal statute provides a generalized private right of action against a municipality for crimes committed by one citizen against another or places on a municipality the obligation to prevent all crime;

    THEREFORE,

    IT IS on this 26th day of July, 2023

    ORDERED that this case be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim.  <u>See</u> Fed. R. Civ. P.

12(b)(1), (b)(6), and (h)(3); and it is further

    ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail; and it is further

    ORDERED that the Clerk of Court shall mark this matter as closed.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |